14-2845
Ramirez Bayona v. Lynch

BIA
Montante, IJ
A099 320 137

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand sixteen.

PRESENT:
    REENA RAGGI,
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

SALVADOR ALEXANDER RAMIREZ BAYONA,
        *Petitioner,*

    v.                                          14-2845
                                                NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Anthony Guidice, Fairport, NY.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Ernesto
                        H. Molina, Jr., Assistant Director;
                        Gladys M. Steffens Guzmán, Trial
                        Attorney, Office of Immigration
                        Litigation, United States
                        Department of Justice, Washington,
                        D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Salvador Alexander Ramirez Bayona, a native and citizen of El Salvador, seeks review of a July 23, 2014 decision of the BIA affirming an October 15, 2012 decision of an Immigration Judge ("IJ") denying Bayona's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Salvador Alexander Ramirez Bayona,* No. A099 320 137 (B.I.A. July 23, 2014), *aff'g* No. A099 320 137 (Immig. Ct. Buffalo Oct. 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Asylum and Withholding of Removal**

The Government argues that Bayona failed to challenge

either the adverse credibility determination or the serious nonpolitical crime ruling before the BIA. We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We agree that Bayona made no argument concerning the adverse credibility determination and that issue is therefore unexhausted and not subject to review. *See Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004). Because the adverse credibility determination is dispositive of Bayona's claims for asylum and withholding of removal, we decline to address whether Bayona exhausted any challenge to the agency's serious nonpolitical crimes finding. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

**II. CAT Relief**

Bayona argues that the IJ improperly relied on the adverse credibility determination in denying CAT relief. Although the agency must consider objective evidence in adjudicating CAT claims, the agency may deny CAT relief based on an adverse credibility determination when the CAT claim is not "analytically distinct" from the claims for asylum and

3

withholding of removal. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Here, Bayona's CAT claim was not analytically distinct from his asylum and withholding claims. The basis for all three claims was the same: he left MS-13 without permission and would therefore be killed if he returned to El Salvador. The IJ found these factual allegations not credible based, in part, on Bayona's inconsistent testimony concerning whether he left MS-13, what he did after he left, and why he was able to avoid getting the required MS-13 tattoo even though he was forced to commit rapes and murders. Under these circumstances, the unchallenged adverse credibility determination is dispositive of the CAT claim. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4